United States District Court
Southern District of Texas
FILED

NOV 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

GEORGE LUNA, 54528-066 : CIVIL ACTION NO. B-04-CV-133
    Plaintiff,
                              :

v.
                              :

JOHN DUFFY,
    Defendant               :            Jury Trial Demanded

### Answer of defendant Duffy with
### Motion to Dismiss Jorge Luna's 'Complaint'; F.R.Civ.P 12(b)(2)(3)(4)(5)(6)

1.     Plaintiff asserts a claim against defendant John J. Duffy, Esquire, by a pack of papers nominally designated as *'Brief in Support of Plaintiff's Complaint in the Civil Jurisdiction of This Court'*, (hereafter Complaint). The papers describe his own experience after an arrest by which he came to hire Mr Duffy, and then is set forth a set of cryptic claims by which Mr Luna demands judgment against Mr Duffy for $50,000 together with another $150,000 in 'anguish' damages. A summary of the facts from defendant's perspective follows, in Reply to the substantive claims by plaintiff, as well as defendant's Motions under F.R.Civ.P. 12(b) for dismissal.

*Operative Facts in Answer to Complaint:*

    John Duffy, Esquire was hired and appeared as counsel for Mr Luna as criminal defendant in a Pennsylvania state law criminal case. The lawyer-client relationship arose in southeastern Pennsylvania in 1999; at that time, Luna was arrested in a semi-trailer truck he

was driving, and followed police surveillance of Mr Luna on the Pennsylvania Turnpike, culminating in its seizure and his arrest in Chester County (suburban Philadelphia), Pennsylvania. According to police testimony at the Preliminary Hearing, the truck was stopped for traffic violations and a subsequent search revealed that the trailer was full of marijuana; Mr Luna was accused of Possession with Intent to Deliver that truck load of marijuana under Pennsylvania.

2. Plaintiff appears *pro se* and asserts an unspecific claim that he wishes damages in connection somehow from Mr Duffy and a fictional forgery of plaintiff's name. Plaintiff's papers appear to have been produced by a jailhouse-lawyer sort; much in them is unintelligible; most of the rest is irrelevant to plaintiff's claim.

3. Plaintiff has also apparently filed a flurry of other documents bearing the imprint of a Montana clerk purporting to be Uniform Commercial Code Secured Party Financing Statement(s) naming Mr Duffy, the law firm, and a list of government officials.

4. Plaintiff is an Inmate presently in the federal prison at Three Rivers, Texas.

5. Plaintiff's papers describe a fictional 'forgery' attributed to Mr Duffy in the signing of plaintiff's name to a paper which is not described or supplied. Defendant denies that any paper or document exists on which he has placed the name or signature of plaintiff. Plaintiff and Mr Duffy spoke with law enforcement authorities after Luna's arrest in Pennsylvania. There was a set of papers which memorialized that arrangement, signed by the plaintiff, the defendant in the presence of a United States Attorney and the federal law enforcement case agent. The state case against Mr Luna was discontinued in favor of a federal criminal case in Texas, to which Mr Luna pleaded guilty and was sentenced.

Defendant Duffy had no role in the Texas federal criminal case. Sometime when the Pennsylvania case had not yet been discontinued, plaintiff complained that this signing had happened, and fired defendant as his lawyer.

6. Plaintiff was eventually transferred to Texas where he is jailed on a sentence imposed following the guilty plea; plaintiff has begun this series of harassing and untrue allegations first in a County Bar Association fee dispute forum and latest, with a bunch of filings in this Court.

7. To be as clear as possible in response to plaintiff's claims, Defendant denies that he wrote plaintiff's name on any paper as a signature, ever. Defendant agrees that he represented Plaintiff in connection with the conduct alleging a truckload of marijuana, and asserts that he represented plaintiff competently and as required. Mr Duffy served plaintiff fully, within the bounds of the Rules of Professional Conduct. At that time, in every aspect the plaintiff/client agreed with his lawyer, now his defendant, and participated in a description of the drug driving activity. Defendant denies that he failed in any way to represent plaintiff's interests, or that he is responsible in damages to plaintiff.

*Rule 12(b)(1) Motion to Dismiss– Subject Matter Jurisdiction*

8. Plaintiff has not averred a federal question affording this Court federal question jurisdiction. Plaintiff has pleaded for an award of gross negligence damages of $50,000 and another unspecified claim to $150,000 in anguish damages as a result, plaintiff says, of an unspecified forgery of plaintiff's name. This does not afford Federal subject matter jurisdiction. Mr Luna's claim must be dismissed.

### *Rule 12(b)(2) Motion to Dismiss– Personal Jurisdiction*

9.  Plaintiff has filed papers in the Southern District of Texas relating to a contact he had with an individual defendant in Pennsylvania arising out of the individual defendant's role as plaintiff's lawyer in a state criminal law drug case in Pennsylvania. The lawyer (defendant here) only met with client (plaintiff here) in Pennsylvania at and after plaintiff's arrest in Pennsylvania in 1999. The Court lacks *in personam* jurisdiction over the defendant.

### *Rule 12(b)(3) Motion to Dismiss– Improper Venue*

10. A Texas plaintiff asserts a claim in Texas federal Court against a Pennsylvania lawyer arising out of the parties' relationship in Pennsylvania in 1999. Plaintiff's return address is a Federal Correctional Center in Texas. Everything else about the matter arose in southeastern Pennsylvania.

Venue for an objective litigation of the dispute (if there is a claim underlying), is not the Southern District of Texas. *28 U.S.C. §1391*.

### *Rule 12(b)(4) and 12(b)(5) Motion to Dismiss– Insufficiency of Process under Rule 4*

11. Plaintiff has not served a summons and Complaint as required by the Rules; having mailed defendant a pack of papers filed does not constitute effective service under the rules. Rule 4(c). Whether a properly issued Summons has been issued, none has been served pursuant to Rule 4. The defendant acknowledges that he has a duty to save costs or

waive the actual service on proper request. None has been furnished. The plaintiff has mailed a largely unintelligible pack of papers and has not done any other required step in the process. The case is subject to dismissal and ought to be dismissed.

### *Rule 12(b)(6) Motion to Dismiss– Failure to state a cognizable claim*

#### *I. Statute of Limitations*

12.   Plaintiff's Complaint was filed in this Court August 9, 2004. That date is nearly 4 years after the last Pennsylvania court action in which defendant Duffy represented plaintiff– Autumn of 2000.

More than two years intervened between the cessation of the parties' Pennsylvania relationship and Luna's Complaint here. Pennsylvania's two year Statute of Limitations would control the claims in negligence asserted here. *42 Pa.C.S.A. §5524(7)*

Jorge Luna's claims must be dismissed.

#### *II. Substantive Negligence Claim Pleaded*

13.   Plaintiff asserts unspecified "gross negligence of the defendant" (Complaint, P.3) which permits an award of $50,000. Plaintiff also asserts a further claim for $150,000 in damages for anguish.

Plaintiff's theory as pleaded necessarily requires that he suffered some mental turmoil as a result of tortious conduct by defendant as a result of the lawyer-client relationship. He pleads nothing except that he be awarded $150,000 "for the stress, mental

anguish, and hardship this plaintiff and his family has been put through . . ."

Pennsylvania law requires the pleading and proof of 1) a defendant's duty to plaintiff; 2) a breach of the duty which results in 3) foreseeable harm for which there are legal compensatory damages. Further, the law for an award for mental anguish damages requires proof of actual medical therapeutic treatment in an effort by plaintiff to curb the anguish and corral its effect on the plaintiff. Plaintiff has pleaded none of it. It is likely that his confinement in a Federal Correctional penal facility does not permit exposure to a regimen of psychotherapeutic treatment. He has not, in any case, described any such history in the 5 years which have elapsed since he was arrested in Pennsylvania. Plaintiff's claims must be dismissed.

WHEREFORE, Petitioner respectfully requests that this Honorable Court dismiss plaintiff's Complaint, with prejudice.

Respectfully Submitted,

DUFFY GREEN & REDMOND

*P.J. Redmond* (signature)

P.J. Redmond, Esquire
10 North Church Street
Suite 307
West Chester, PA 19380
(610) 692-0500
Attorneys for Defendant, John J. Duffy