IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

NOV 1 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GEORGE LUNA, 54528-066 | : | CIVIL ACTION NO. B-04-CV-133 |
| Plaintiff, | | |
| | : | |
| v. | | |
| | : | |
| JOHN DUFFY, | | |
| Defendant | : | Jury Trial Demanded |

**Memorandum in Support of defendant Duffy's**
**Motion to Dismiss Jorge Luna's 'Complaint'; F.R.Civ.P 12(b)(2)(3)(4)(5)(6)**

Plaintiff asserts a claim against answering defendant John J. Duffy, Esquire, by a pack of papers nominally designated as *'Brief in Support of Plaintiff's Complaint in the Civil Jurisdiction of This Court'*, (hereafter Complaint). The papers describe his story after an arrest by which he came to hire Mr Duffy in Pennsylvania in 1999, and then is set forth a set of cryptic claims by which Mr Luna demands judgment against Mr Duffy for $50,000 together with another $150,000 in 'anguish' damages. A summary of the facts from defendant's perspective is supplied in defendant's Answer with Motion to Dismiss, filed with this Memo, and follows here for ease of the reader. Defendant denies all substantive claims by plaintiff, and moves for dismissal under F.R.Civ.P. 12(b).

*Operative Facts in Answer to Complaint:*

John Duffy, Esquire was hired and appeared as counsel for Mr Luna as criminal defendant in a Pennsylvania state law criminal case. The lawyer-client relationship arose

in Chester County, in southeastern Pennsylvania in 1999; at that time, Luna was arrested in a semi-trailer truck he was driving. Luna's arrest followed police surveillance of Mr Luna on the Pennsylvania Turnpike, culminating in its seizure and his arrest in Chester County (suburban Philadelphia), Pennsylvania. According to police testimony at the Preliminary Hearing, the truck was stopped for traffic violations and a subsequent search revealed that the trailer was full of marijuana; Mr Luna was accused of Possession with Intent to Deliver that truck load of marijuana under Pennsylvania state law.

Plaintiff appears in this Court four years later *pro se* and asserts an unspecific claim that he wishes damages in connection somehow from Mr Duffy and a fictional forgery of plaintiff's name. Plaintiff's papers appear to have been produced by a jailhouse-lawyer sort; much in them is unintelligible; most of the rest is irrelevant to plaintiff's claim.

Plaintiff has also apparently filed a flurry of other documents bearing the imprint of a Montana clerk purporting to be Uniform Commercial Code Secured Party Financing Statement(s) naming Mr Duffy, the law firm, and a list of government officials. Nobody but the individual Mr Duffy is a defendant in this action.

Plaintiff is an Inmate presently in the federal prison at Three Rivers, Texas, and his papers describe a fictional 'forgery' attributed to Mr Duffy in the signing of plaintiff's name to a paper which is not described or supplied. Defendant denies that any paper or document exists on which he has placed the name or signature of plaintiff. Plaintiff and Mr Duffy spoke with to law enforcement authorities after his 1999 arrest in Pennsylvania.

There was a set of proffer papers which memorialized that arrangement, signed by the plaintiff, the defendant in the presence of a United States Attorney and the federal law enforcement case agent. The state case against Mr Luna was discontinued in favor of a federal criminal case in Texas, to which Mr Duffy believes Mr Luna pleaded guilty and was sentenced. Defendant Duffy had no role in the Texas federal criminal case.

Plaintiff was eventually transferred to Texas where he is jailed on that sentence imposed following the guilty plea; Now, years later, plaintiff has begun this series of harassing and unfounded allegations. First there was a County Bar Association fee dispute process, then nothing for some years, and now a bunch of filings in this Court.

To be as clear as possible in response to plaintiff's claims, Defendant denies that he wrote plaintiff's name on any paper as a signature, ever. Defendant agrees that he represented Plaintiff in connection with the conduct alleging a truckload of marijuana, and asserts that he represented plaintiff competently and as required. Mr Duffy served plaintiff fully, within in the bounds of the Rules of Professional Conduct. At that time, in every aspect the plaintiff/client agreed with his lawyer, now his defendant, and participated in a description of the drug driving activity. Defendant denies that he failed in any way to represent plaintiff's interests, or that he is responsible in damages to plaintiff.

***Rule 12(b)(1) Motion to Dismiss-- Subject Matter Jurisdiction***

This Honorable Court decides disputes where federal questions are at issue, or in

diversity cases, where the threshold damages is met. This Texas plaintiff has pleaded for an award of compensatory damages of $50,000 apparently on a claim that he is entitled to refund of a lawyer's fee from the individual Pennsylvania defendant. Plaintiff avers another claim to $150,000 in unspecified 'anguish' damages as a result, plaintiff says, of an un-described forgery of plaintiff's name.

Defendant asserts that no award is permissible under the applicable Pennsylvania law on the 'anguish' damages. The discussion appears below (in the last two pages) and is incorporated here. The summary is that squarely established Pennsylvania law requires medical treatment proof toward a claim for emotional distress damages, and plaintiff has none. His claim must fail and the Court would not have subject matter jurisdiction.

### *Rule 12(b)(2) Motion to Dismiss– Personal Jurisdiction*

Plaintiff's papers in the Southern District of Texas relating to a contact he had with an individual defendant in Pennsylvania arising out of the individual defendant's role as plaintiff's lawyer in a state criminal law drug case in Pennsylvania. The lawyer (defendant here) only met with client (plaintiff here) in Pennsylvania at and after plaintiff's arrest in Pennsylvania in 1999. It developed that plaintiff had begun his journey to Pennsylvania from Texas, but none of the facts of the case or the relationship between the parties has to do with any contacts with Texas.

This Court sits in resolution of disputes between those over whom it has personal jurisdiction. The reality of the parties' relationship only touched Pennsylvania. They

never touched Texas. The Court does not have *in personam* jurisdiction over defendant. The Complaint must be dismissed.

### *Rule 12(b)(3) Motion to Dismiss– Improper Venue*

An iteration: a Texas plaintiff asserts a claim in Texas federal Court against a Pennsylvania lawyer arising out of the parties' relationship in Pennsylvania in 1999. Plaintiff's return address is a Federal Correctional Center in Texas. Everything else about the matter arose in southeastern Pennsylvania.

Venue for an objective litigation of the dispute (if there is a claim underlying), is not the Southern District of Texas. *28 U.S.C. §1391*. The Complaint must be dismissed.

### *Rule 12(b)(4) and 12(b)(5) Motion to Dismiss– Insufficiency of Process under Rule 4*

Plaintiff has not served a summons and Complaint as required by the Rules; having mailed defendant a pack of papers filed does not constitute effective service under the rules. *F.R.Civ.Rule 4(c)*. Whether a properly issued Summons has been issued, none has been served pursuant to Rule 4. The defendant acknowledges that he has a duty to save costs or waive the actual service on proper request. None has been furnished. The plaintiff has mailed a largely unintelligible pack of papers and has not done any other required step in the process. The case is subject to dismissal and ought to be dismissed. *Pro se* plaintiff status does not excuse failures in process. *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, D.C.Cir. F.2d 1011

***Rule 12(b)(6) Motion to Dismiss– Failure to state a cognizable claim***

### *I. Statute of Limitations*

Plaintiff's Complaint was filed in this Court August 9, 2004. That date is nearly 4 years after the last Pennsylvania court action in which defendant Duffy represented plaintiff– Autumn of 2000.

More than two years intervened between the cessation of the parties' Pennsylvania relationship and Luna's Complaint here. It is black-letter law that Pennsylvania's two year Statute of Limitations would control the claims in negligence asserted here. *Guarantee Trust Co of New York v. York, 65 S.Ct 1464, 326 U.S.99, 89 L.Ed. 2079 1945; (State statute of limitations must be applied by federal court in individual diversity case. Case dismissed) 42 Pa.C.S.A. §5524(7); cf. §1983 claims against of state actors. Wilson v. Garcia 471 U.S. 261, 266-67, 85 L.Ed 254, 105 S.Ct. 1938 (1985); Kost v. Kozakiewicz ans Allegheny County Jail, 1 F3rd 176 (3rd Cir. 1993)*

Any viable negligence or other tort claim against defendant Duffy arose by the time of Mr Luna's having ended the lawyer client relationship with Mr Duffy in 2000, and is now time-barred. *Wilson v. Garcia, supra; Sameric Corp of Delaware Inc. v. City of Philadelphia 142 F.3d 582, 589 (3rd Cir 1998);collected in Graf v. Kohlman (2002 U.S.App.Lexis 1267, (3rd Cir., 1/29/02)* Jorge Luna's claims must be dismissed.

### *II. Substantive Negligence Claim Pleaded*

Plaintiff asserts unspecified "gross negligence of the defendant" (Complaint, P.3)

which permits an award of $50,000. Plaintiff also asserts a further claim for $150,000 in damages for anguish.

Plaintiff's theory as pleaded necessarily requires that he suffered some mental turmoil as a result of tortious conduct by defendant as a result of the lawyer-client relationship. He pleads nothing except that he be awarded $150,000 "for the stress, mental anguish and hardship this plaintiff and his family have been put through . . . " (Complaint, p.3-4) The relationship was conceived, born, lived and died in Pennsylvania. State law supplies this Court's framework for analysis. Since the parties only ever met and did business in Pennsylvania, Pennsylvania law applies.

Pennsylvania law requires the pleading and proof of 1) a defendant's duty to plaintiff; 2) a breach of the duty which results in 3) foreseeable harm for which there are legal compensatory damages. *Braxton v. Comm, Dept of Transportation, 634 A.2d 1150, (PaCmmwlth.1993) appeal denied 652 A.2d 1326, 539 Pa.682) (Summary Judgement appropriate where plaintiff fails to establish essential grounds of actionable negligence)*

Further, the law for an award for mental anguish damages requires proof of actual medical therapeutic treatment in an effort by plaintiff to curb the anguish and corral its effect on the plaintiff. Plaintiff has pleaded none of it. It is likely that his confinement in a Federal Correctional penal facility does not permit exposure to a regimen of psychotherapeutic treatment. He has not, in any case, described any such history in the 5 years which have elapsed since he was arrested in Pennsylvania. *Kazatsky v. King David Memorial Park 515 Pa.183, 527 A.,2d 988 (Pa.Supreme1987) (Existence of emotional*

*distress must be supported by competent medical evidence in confirmation that a person suffered injury.*)  cf. *Restatement, 2nd of Torts, §306 and §436.*

      WHEREFORE, Petitioner respectfully requests that this Honorable Court dismiss plaintiff's Complaint, with prejudice.

      Respectfully Submitted,

      DUFFY GREEN & REDMOND

      _____
      P.J. Redmond, Esquire
      10 North Church Street
      Suite 307
      West Chester, PA 19380
      (610) 692-0500
      Attorneys for Defendant, John J. Duffy