IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

GEORGE LUNA, § CAUSE #: B-04-CV-133
    Plantiff §
§
v. §
§
JOHN DUFFY § JURY
    Defendant §
§

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES George Luna, Plaintiff Pro Se, and files his response to Defendant Duffy's Motion to Dismiss and in support hereof would show as follows;

I.

Background

I filed suit against Defendant in August 2004 for legal malpractice and breach of contract and fiduciary duties. I obtained summons and Defendant was served in August of 2004. Defendant wholly failed to file an answer within the required time; accordingly, I moved for default judgement. Defendant now comes to this Honorable Court seeking dismissal of my complaint. I come to this Honorable Court seeking justice; a real opportunity to present my case; and for the reasons contained herein, I request the Court deny Defendant's Motion to Dismiss.

II

Rule 12 (b)(1) Subject Matter Jurisdiction

1

Defendant claims that I have not averred a federal question affording this Court federal question jurisdiction and therefore this Court lacks subject matter jurisdiction. Defendant's argument is misplaced. I filed suit against Defendant in federal court pursuant to the "diversity of citizenship" statute. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum value of $75.000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332 I am a citizen of the State of Texas and Defendant is a citizen of the State of Pennslyvania. Complete diversity citizenship applies in this case. Finally, Defendant claims, ostensibly, that my complaint and the matter in controversy does not exceed $75.000 by stating that mental anguish damages are not permissible under Pennslyvania law. First, Defendant assumes that Pennslyvania law controls(for reasons set forth herein below, Texas law applies) and a plaintiff does not need to identify its damages specifically. E.g. **Avita v. Metropolition Club, Inc.**, 49 F.3d 1219 (7th Cir. 1995) (stating that a plaintiff is not required to itemize damages in the complaint)

When the amount in controversy is a jurisdiction element, the plaintiff must plead damages in excess of the jurisdictional minimum. Here, I pled in my complaint an amount that exceeds the minimum requirement; and because "diversity of citizenship" is present, this Court has subject matter jurisdiction over my complaint. Defendant's arguement for dismissal based on subject matter jurisdiction must therefore fail, and be denied.

2

## III

**Rule 12(b)(2) Personal Jurisdiction**

Defendant argues that the Court lacks personal (in personam) jurisdiction over him in Federal court in Texas because "our relationship never touched Texas and he (Defendant) never had any contacts with Texas." The proper and seminal test in federal courts for personal jurisdiction question is "minimum contacts" as first outlined in **International Shoe vs. Washington,** 326 U.S. 310 (1945) The due process clause requires that before a forum may exercise personal jurisdiction over a non-resident defendant, that defendant must have "purposefully availed himself of the benefits and protections of the forumstate by establishing minimum contacts with the forum." **Id.**

Courts apply a five-part test when measuring minimum contacts: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convience of the parties. See, e.g. **Bell Paper Box, Inc. v. U.S. Kids, Inc.,** 22 F. 3d 816 (8th Cir. 1994). It is the third factor that determines whether the contacts give rise to either specific or general jurisdiction. **Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.,** 75 F.3d 147 (3d Cir. 1996) Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action. A court has specific jurisdition if the defendant committed at least one act in the forum, and the act is substantially related to the suit.

See, **Carteret Sav. Bank, FA v. Shushan,** 954 F.2d 141 (3d Cir. 1992)

As noted above, Defendant alleges that he never "touched" Texas and that our relationship never touched Texas. Defendant fails to inform the Court that he was retained in the State of Texas to represent me. The contract was negoiated and executed in Texas. Defendan'ts negligent representation of me began in the State of Texas. The attorney-client contract executed in Texas clearly establishes that I retained Defendant for one purpose in my criminal case: a trial and not a plea or "cooperation" with the federal government or state government. Defendant's insistence and attempts to force me to "cooperate" including forgering my signature on a proffer statement constitute a gross violation of Defendant's ethical duty to me and a breach of his fiduciary duty. Specific jurisdiction exists in this case.

Solicting business and negoiating, executing and even partially performing contracts in the forum state have been held to be sufficient to establish specific jurisdiction. **E.g., Rainbow Travel Serv., Inc. v. Hilton Hotels Corp.,** 896 F.2d 1233 (10th Cir. 1990) Defendant availed himself of the benefits of the State of Texas when he was retained by my attorney in Texas on my behalf; negoiated and executed the attorney-client agreement in Texas and accepted payment for services rendered. There exists sufficient minimum contacts by Defendant in Texas to confer personal jurisdiction. Certainly Defendant has committed at least one act (indeed he has committed several) in the forum (Texas) and that act is substantially related to the suit.

The second element regarding the question of personal

4

is whether the "maintenance of the suit in the forum state will offend the traditional notions of fair play and substantial justice." **World-Wide Volkswagen Corp. v. Woodson,** 100 S.Ct. 559 (1980) Courts look to the burden on the defendant, the interests of the forum state in adjudicating the dispute, the plaintiffs' interest in obtaining convenient and effective relief, and the efficient resolution of controversies between the states. **International Shoe at 316.** The Court's assumption of jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice for the exercise of jurisdiction over Defendant is reasonable. There is little burden on Defendant. Instead the Defendant hopes to continue to hide out of state and continue to avoid responsibility for his malpractice. Again, the exercise of jurisdiction over Defendant is reasonable. Finally, by failing to timely object (Defendant wholly defaulted), Defendant has waived the issue of personal jurisdiction. Because Defendant has sufficient minimum contacts with Texas and the assumption of jurisdiction over him will not violated due process, Defendant's argument for dismissal for personal jurisdiction must fail and therefore should be denied.

IV.

## Rule 12(b)(3) Venue

Defendant alleges that venue is "improper." It should be noted that defendant does not seek to transfer venue pursuant to 28 U.S.C. §1406(a) and further he does not request the Court to transfer the case to a more convenient forum under 28 U.S.C. §1404(a). Instead he simply alleges that venue is not proper. Pursuant to 28 U.S.C. §1391, "a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides,

5

if all defendenats reside in the same State, (2) a judical district in which a substantial part of the events or omissions given rise to the plaintiff's claim took place. See **First of Michigan Corp. v. Bramlet,** 141 F.3d 260 (6th Cir. 1998). Under this approach, the court is not required to determine the "best" venue but only whether a substantial part of the activities took place in the venue selected. **Setco Enters. v. Robbins,** 19 F.3d 1278 (8th Cir. 1994). It is not enough for a defendant to merely show another forum has a more substantial connection. Id.  Defendant here simply argues that Pennsylvania has a more substantial connection than Texas. Defendant's argument must fail: for reasons set forth above, a substantial part of the acts/omissions giving rise to my complaint occured here in Texas and therefore, venue is proper in Texas Southern District.

V.

## Rule 12(b)(4) Service of Process

Defendant claims the he was not served and therefore, my complaint should be dismissed.  I obtained summons and served the Defendant by certified mail with the summons together with a copy of my complaint. Most states provide for service of summons by U.S. Mail See, e.g., **Robinson v. Turney,** 15 F.3d 82 (7th Cir. 1994) Further, I served Defendant consistant with the pursuant to **FRCP 4(e)(1)(2)** by delivering a copy of the summons and of the complaint to the Defendant.  Finally, I ask the Court in the alternative, if the Court finds the service to be defective, to allow me to reserve the Defendant consistent with the allotted 120 days after the filing of my complaint.  To that end, I request the time be extented to allow me to reserve the Defendant if the Court finds the service to be defective.

## VI

## Rule 12(b)(6) Stating a Claim

A. Statute Of Limitations:

Defendant claims that i filed my complaint after the statute of limitations expired. Defendant assumes that, among other things, Pennsylvania law applies and there is no exception to a statute of limitations. I agree that in most states a negligence claim statute of limitations is usually two years. Indeed, in Texas a legal malpractice claim is two years. However, an exception applies in this case. The "cause accures when facts have come into existence that authorize a claimant to seek judicial remedy." **Apex Towing Co. v. Tolin**, 41 S.W.3d 118 (TEX.2001) Apex held that the limitation statute is tolled until all litigation of the underlaying claim is concluded. I still have litigation pending regarding Defendant's legal malpractice and his breech of fidicary duty to me. (Litigation is pending in federal court pursuant to my 2255 and litigation is pending in the State Bar. Accordingly, the statute of limitations is tolled and I have therefore filed my complaint against Defendant timely. Additionly, under Texas law, the statute of limitations for breach of contract is four (4) years. One of my cause of actions against Defendant is breach of contract. Surely, Defendant does not argue that he and I did not have a contractual relationship. Defendant breached the attorney-client agreement. As the court is aware, plaintiffs are allowed to plead in the alternative. For these reasons, Defendant's request for dismissal for any alleged statute of limitations issue must fail and be denied.

7

B.  Substantive Negligence Claim

Defendant further argues that my complaint should be dismised because I have pled for damages including mental distress/anguish damages. Defendant's argument is without merit; wholly misplaced and does not set forth the correct standard regarding dismissal of claims under 12(b)(6). Defendant correctly notes the proper elements of a typical negligence claim; i.e., duty, breach and damages; however, he believes that my complaint should be dismissed because he cannot understand how I have mental anguish because of his total negligence representation of me in my criminal case. Defendant's position is one of arrogance and ignorance. His argument reads like a "1-L" law student: it is completely conclusionary; assumes too much; ignores the facts; and confuses burden of proof with stating a claim. Of course as the plaintiff, I carry the burden of proof on my complaint.

Clearly, Defendant owed me a duty (indeed, he owed me the highest duty-a fiduciary duty). Defendant breached that duty in representing me. As a direct result of Defendant's breach, I suffered damages. One of my damages is mental anguish. Mental anguish damages are allowed and a physical "impact" is typically no longer required in American jurisprudence to sustain a claim for severe emotional distress and mental anguish. Courts recoginze the viability of emotional distress/mental anguish damages. There can be hardly no greater mental anguish than serving time in prison and serving longer than necessary because of an attorney's total negligent respresentation of a client. Defendant absolutely violed his ethical duty in representing me. It is reprehensible that he would stoop so low to forge my signature to a document and attempt to coerce me into pleading when Defendant was acutely aware that I retained his services for only a trial.

8

When a federal court reviews the sufficiency of a complaint, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test. In passing on a motion to dismiss, whether on the grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. **See Scherer v. Rhodes,** 94 S.Ct. 1683 (1974) Under FRCP 8, a pleading which sets forth a claim for relief, shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and relief in the alternative or of several different types may be demanded. I should be afforded an opportunity to present my evidence.

While my complaint could have been more artfully presented, it nonetheless presents a claim consistent with FRCP 8. As courts have noted, "the motion [12 (b)(6)] cannot be used to resolve factual issues or the merits of the case." **E.g., garrett v. Commonwealth Mtg. Co.,** 938 F.2d 591 (5th Cir. 1991) Plaintiffs do not have to file long complaints, plead facts or legal theories. **Kirksey v. R.J. Reynolds Tobacco Co.,** 168 F.3d 1039 (7th Cir. 1999) Federal Rules of Civil Procedure provide for "notice" pleading. Plaintiffs are required only to provide defendants with fair notice of the claim and the ground upon which it rest. **See Lone Star Indus. Inc. v. Horman Family Trust,** 960 F.2d 917 (10th Cir. 1992) While some cases require a "heightened" pleading rather than fair notice, my complaint presents the typical (fair notice) and is not the exception which requires special pleading. Although Defendant complains abbout my damages pled, a plaintiff does not need to identify its general

9

damages specifically. **Avita** 49 F.3d at 1226.

Finally, 12(b)(6) motions are disfavored and there exists a liberal pleading policy under the Federal Rules of Civil Procedure for important reasons. Public policy supports allowing claimants a real opportunity to present their cliams in court and disallow sophisicated defendants from prevailing on technical arguments. I also seek a real opportunity for a competent court and jury to hear my case against Defendant. Defendant, however, seeks to avoid responsibility for his total failure in ethically representing me. Defendant's request for dismissal under 12(b)(6) should be denied. In the alternative, if the court finds anything lacking in my complaint, I request leave of court to amend my complaint.

VII.

**Prayer**

WHEREFORE, for all these, I respectfully request this Honorable Court to deny Defendant's motion to dismiss. In the alternative, I request leave of court to amend my complaint where so directed. I further pray for all other relief, at law and equity, to which I am entitled.

George Duna  1/11/05
#54528-066
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

Certificate of Service

I certify that a complete and true copy of "Plaintiff's Response to Defendant's Motion to Dismiss has been served on Defendant, by and through his attorney of record, P.J. Redmond, at 10 North Church St., Suite 307, West Chester, PA 19380.


George Duna

[Jorge E., Luna] [#54523066]
C/O: P.O. box 4200 JW A
Federal Correctional Institute
Three Rivers, Texas state
usa 78071

LEGAL MAIL

To: CLERK UNITED STATES DISTRICT COURT
Southern District of Texas
P.O. Box 2299
Brownsville, Texas 78522-2299



UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 1 2005

MICHAEL N. MILBY, CLERK OF COURT










Case 1:04-cv-00133 Document 13-2 Filed in TXSD on 02/01/2005 Page 13 of 13

