United States District Court
Southern District of Texas
FILED

FEB 1 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

GEORGE LUNA, 54528-066 : CIVIL ACTION NO. B-04-CV-133
    Plaintiff,
v. :

JOHN J. DUFFY, :
    Defendant                           Jury Trial Demanded

## *MEMORANDUM IN SUPPORT OF DEFENDANT DUFFY'S MOTION TO DISMISS PURSUANT TO RULE 12*

Defendant offers this Memorandum in support of his Motions to dismiss or to transfer this civil action in which the plaintiff fails to state a claim for relief.

### *A. FACTUAL ALLEGATIONS*

This action was apparently commenced by plaintiff's filing of a "Brief in Support of Plaintiff's Complaint in the Civil Jurisdiction of This Court", (hereafter "plaintiff's papers"). The papers name John J. Duffy as defendant. The plaintiff's papers appear to seek damages for gross negligence, and for unethical and criminal conduct, and appear to request a criminal investigation for forgery. The papers seem to describe a conspiracy by which defendant "did knowingly and willfully, with malicious malfeasance work in conjunction with the prosecutor to deprive the plaintiff of his God-given rights to have a fair jury trial."

The plaintiff's allegations arise from the defense of criminal charges filed against him in state and federal court. The state charges were filed in Chester County, Pennsylvania. The Court may take judicial notice of the docket entries in the matter of

Commonwealth of Pennsylvania v. Jorge E. Luna, Chester County, Pennsylvania, Court of Common Pleas, No. 00698-99 (Certified copy attached).

Superceding federal charges were filed in the United States District Court for the Eastern District of Pennsylvania, *United States v. Luna*, No. 00-600. This Honorable Court may likewise take judicial notice of the proceedings and results on that Indictment as reported in the Opinion of the Honorable Edmund V. Ludwig, J., 2002 U.S. Dist. LEXIS 6207 (E.D.Pa., 2002). Mr. Luna's conviction was affirmed by the United States Court of Appeals for the Third Circuit at No. 02-1249. This Honorable Court may likewise take judicial notice of the proceedings and results on that appeal as reported in the Unpublished Opinion authored for the Third Circuit by the Honorable Richard L. Nygaard, 76 Fed. Appx. 411, 2003 U.S. App. LEXIS 16326 (CA3, 2003).[1]

The gravamen of plaintiff's complaints seems to be his allegation that Mr. Duffy forged his name on a proffer letter. That issue has been addressed in the prior litigation. In the District Court, plaintiff here claimed that he had been the victim of unreasonable and unconstitutional delay. Judge Ludwig held a hearing on that Motion, and found as follows:

> defendant's counsel on his state charges requested continuances of the state trial date so that Luna could cooperate with the government. He testified that he saw defendant sign state and federal proffer letters after he "had an opportunity to go through the substance" of those letters with his client. Supp. Hg. Tr. 4/2/01 at 15-

---

[1.] On Motion To Dismiss, the Court may properly take judicial notice of facts beyond those asserted in the Complaint. See, *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533 (CA5, 2003) (dicta).

> 16. About fourteen months after signing the proffer letters, defendant, for reasons that have not been articulated, rejected cooperation

2002 U.S. Dist. LEXIS 6207 *9, n. 10. Judge Ludwig found as facts that (1) defendant signed the proffer letters, and (2) rejected cooperation 14 months later.

### *B. STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT*

1.      Has the plaintiff failed to state a claim on which relief can be granted where he attempts in this civil rights action to re-litigate issues decided against him in an underlying criminal prosecution?

2.      Is dismissal or transfer required where Texas has no connection with the plaintiff's claims?

### *C. SUMMARY OF ARGUMENT*

Plaintiff has failed to state a claim because he attempts to relitigate claims arising in a federal criminal prosecution. The plaintiff was convicted in the underlying prosecution, and his allegations here were raised, heard and resolved in that prosecution. No further litigation of those issues is permitted. If further litigation were permitted, the case must be transferred to the Eastern District of Pennsylvania where the judicial and prosecutorial witnesses are located.

## D. ARGUMENT

### 1. RULE 12(B)(6) MOTION TO DISMISS - PLAINTIFF HAS FAILED TO STATE A CLAIM

The Court must grant a Motion under Rule 12(b)(6) whenever there is no possible theory on which the plaintiff may prevail. *Priester v. Lowndes County*, 354 F.3d 414, 418-419 (5th Cir., 2004):

> A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true. Id. The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim. [ *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)] Therefore, this court will not dismiss a plaintiff's claim, "unless the plaintiff will not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint." Id.

*Id.*

There is no federal claim asserted, and no diversity claim available, in this dispute arising under Pennsylvania law. This action must be dismissed forthwith.

### A. *There is no viable federal claim*

First, plaintiff's civil claim is barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994). In *Heck*, the United States Supreme Court held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

4

U.S.C. § 2254.

Id. at 486-87. As has been set forth in the Motion, the plaintiff's conviction is final, and binding. Dismissal is required.

Second, plaintiff is barred from maintaining a federal civil rights claim because he is precluded from proving that defendant acted under color of state law. In order to assert a federal claim against Duffy, plaintiff must plead and prove that defendant had conspired with state or federal prosecutors, and forged plaintiff's signature, in violating his constitutional rights. See, *Tower v. Glover*, 467 U.S. 914, 104 S. Ct. 2820, 81 L. Ed. 2d 758 (1984) (In order to establish that defendant was a state actor within the meaning of the federal civil rights laws, plaintiff must establish that criminal defense counsel conspired with prosecutors).

The doctrine of collateral estoppel prevents any pleading or proof that defendant Duffy conspired with prosecutors. Under *Allen v. McCurry*, 449 U.S. 90, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980), this court must give preclusive effect to a state court judgment whenever the Pennsylvania courts would do so. In Pennsylvania, collateral estoppel applies where: 1) the issues in the two actions are sufficiently similar and sufficiently material to justify invoking the doctrine; 2) the issue was actually litigated in the first action; and 3) a final judgment on the specific issue in question was rendered in the first action. *Commonwealth v. Holder*, 569 Pa. 474, 805 A.2d 499, 502 (Pa. 2002) (citations omitted).

Judge Ludwig's finding that plaintiff had actually agreed to cooperate, and then

5

changed his mind 14 months later, was actually litigated in the criminal case, and is subject to a final judgment. That finding is binding here, and precludes the pursuit of any claim predicated on the plaintiff's alleged forgery.

### B. *There is no viable diversity claim*

Plaintiff is also barred from pursuing a claim against defendant under state law and this Court's diversity jurisdiction. Under Pennsylvania's special rule for criminal defense m,alpractice, Mr. Luna may not assert a legal malpractice claim against defendant Duffy unless plaintiff can establish that "he has pursued post-trial remedies and obtained relief which was dependent upon attorney error." *Bailey v. Tucker*, 533 Pa. 237, 246, 621 A.2d 108 (1993). The *Bailey* decision has been summarized by the District Court that applies it as follows:

> Under Pennsylvania law, the elements of a legal malpractice claim sounding in tort vary based on whether the underlying representation was in a civil or criminal context. See *Bailey*, 533 Pa. at 246, 250-51. A legal malpractice action arising out of a civil representation requires a plaintiff to prove: (1) employment of the attorney or another basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and, (3) that such failure was the proximate cause of damage to the plaintiff. See id. at 246. A plaintiff seeking "to bring a trespass action against a criminal defense attorney, resulting from his or her representation of the plaintiff in criminal proceedings, must establish the following elements: (1) The employment of the attorney; (2) Reckless or wanton disregard of the defendant's interest on the part of the attorney; (3) the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., 'but for' the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges. (4) As a result of the injury, the criminal defendant/plaintiff suffered damages. (5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error." Id. at 250-51.

*Williams v. Sturm,* 110 F. Supp. 2d 353, 358 (E.D.Pa. 2000). Further, the Court outlined the requirement to plead and prove "actual innocence:"

> "a plaintiff must prove...that he did not commit any unlawful acts with which he was charged as well as any lesser offenses included therein." Bailey, 533 Pa. at 248. Where a plaintiff fails to allege in a complaint that he is innocent of all the charges against him, he has not stated a cause of [*361] action for legal malpractice in the criminal context under Pennsylvania law. See [Slaughter v. Rushing, 453 Pa. Super. 379, 683 A.2d 1234,1236 (Pa. Super. Ct. 1996).]

*Id.,* 110 F.Supp.2d 360-361.

Mr. Luna has failed to plead and will be unable to prove that he is actually innocent, and so he cannot maintain a state law claim within the Court's diversity jurisdiction. Accordingly, the plaintiff's action must be dismissed.

## 2. RULE 12(B)(3) MOTION TO DISMISS OR TRANSFER – VENUE IN THE SOUTHERN DISTRICT OF TEXAS IS IMPROPER

Plaintiff has filed papers in the Southern District of Texas relating to contacts he had with an individual defendant in Pennsylvania arising out of the individual defendant's role as plaintiff's lawyer in a state criminal law drug case in Pennsylvania. The lawyer (defendant here) only met with client (plaintiff here) in Pennsylvania at and after plaintiff's arrest in Pennsylvania in 1999. The only time that defendant ever had contact with Mr. Luna was when Mr. Luna was incarcerated in Pennsylvania.

Transfer to the Eastern District of Pennsylvania is required. The relevant witnesses, including federal judicial and prosecutorial authorities, are located in Pennsylvania, and Venue is, therefore, proper only in the Eastern District of

7

Pennsylvania.

Venue is proper in a civil rights case where the events transpired, and where the defendant resides. Venue may not be predicated upon the residence of the plaintiff. 28 U.S.C. §1391(a),(b).

There are no factors that make venue proper in the Southern District of Texas. Even if venue were properly laid in Texas, transfer to the Eastern District of Pennsylvania would be appropriate. See, *in Re: Horseshoe Entertainment*, 337 F.3d 429, (5th Cir., 2003) (Motion To Transfer Title VII claim).

### E. CONCLUSION

Accordingly, defendant respectfully requests dismissal or, in the alternative, transfer to the Eastern District of Pennsylvania.

Respectfully Submitted,

**DUFFY GREEN & REDMOND**

Dated: 2/9/2005

By: _____
Joseph P. Green, Jr.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| GEORGE LUNA, 54528-066 | : | CIVIL ACTION NO. B-04-CV-133 |
| Plaintiff, | | |
| v. | : | |
| JOHN J. DUFFY, | : | |
| Defendant | | Jury Trial Demanded |

## CERTIFICATE OF SERVICE

COUNSEL HEREBY CERTIFIES that he has served a full and complete set of the within papers upon the person, and in the manner, set forth below, which service satisfies in compliance with Rule 5(b), F.R.C.P., and LR 5.3:

| *Name* | *Manner* | *Date* |
|---|---|---|
| Mr. Jorge E. Luna<br>54528066<br>FCI, Seagoville<br>2113 North Highway 175<br>Seagoville, Texas 75159 | Prepaid first-class mail | 2/9/2005 |
| | | |

Respectfully Submitted,

Dated: 2/9/2005

By: _____
Joseph P. Green, Jr.