Case 1:04-cv-00133   Document 18   Filed in TXSD on 03/03/2005   Page 1 of 4

United States District Court
Southern District of Texas
FILED

MAR 0 3 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GEORGE LUNA, | ) | Cause No. B-04-CV-133 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN J. DUFFY, | ) | |
| Defendant | ) | Jury |

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES George Luna, Plaintiff Pro Se, and files his response to Defendant Duffy's Motion to Dismiss and in support hereof would show as follows:

1. I filed suit against Defendant for legal malpractice and breach of contract arising from an attorney-client relationship formed and based in the State of Texas. Defendant was served with process; wholly failed to file a timely answer and has thus defaulted.

2. Defendant now has filed a second motion to dismiss (the first ostensibly pro se) and/or reasserts and urges this Honorable Court to dismiss my lawsuit. I, again, ask this Court to deny Defendant's baseless motion and to allow me a real opportunity to present my case and for justice.

3. Duffy now contends two issues prevail: 1) whether I have stated a claim on which relief can be granted and 2) is dismissal/transfer required to the state of Pennsylvania. I will address these two contentions in order.

4. It should be noted that Defendant's arguments presuppose that Pennsylvania law controls; and for reasons set in my forth in first response, Texas law applies. Moreover, even assuming arguendo that Pennsylvania law applies, Defendant's arguments would still fail and the Court should therefore deny Defendant's motion.

5. Defendant correctly notes that motions to dismiss under Rule 12(b)(6) are viewed with "disfavor and are rarely granted." Complaints are to be liberally construed in the plaintiff's favor. Again, Duffy recognizes the determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim. As the Court is aware, plaintiffs

are allowed to plead in the alternative and offer different theories. I filed suit against Defendant for among other things: breach of contract/fidiciary duties.

6. Courts recognize that 12(b)(6) motions cannot be used to resolve factual issues or the merits of the case. E.g., <u>Garret v. Commonwealth Mtg. Co.</u>, 938 F.2d 591 (5th Cir. 1991)

FEDERAL CLAIM:

7. The contention my suit should be dismissed under <u>Heck v. Humphrey</u> is misplaced. First, my lawsuit against Defendant is grounded in breach of contract and breach of fidiciary duties. While, I have argued and firmly believe my sentence should be set aside, for sake of my lawsuit against Defendant, my complaint pursues other remedies. Second, assuming that I am only or merely stating an unconstitutional conviction or imprisonment, my case is not final. I have litigation still pending regarding the validity of my conviction/sentence. Simply put, Defendant's argument is premature and must fail.

8. Defendant next argues by pointing only one aspect of my complaint that I am precluded from filing a complaint based on conspiracy/civil rights because he alleges the issue has already been litigated. Again, as stated above, I still have litigation ( and my 2255) pending regarding the validty and constitutionality of Defendant's and the government's actions regarding the forgery pending. Even assuming the issue has been litigated, the litigation is not final.

DIVERSITY

9. Here, again, Defendant assumes Pennsylvania law applies. However, even under Pennsylvania law, Defendant's arguments still fail. Defendant bases his entire argument regarding my diversity claim on Pennsylvania's "special" law regarding criminal defense malpractice. Pursuant to that State's courts under <u>Bailey</u>, he contends that my complaint must not continue. Again, Defendant proceeds like the "1-L" law student in assuming too much. While parts of my complaint may sound in tort, the crux of my complaint is based in breach of contract. <u>Baily</u> would then not apply.

My complaint against Defendant is not a "but-for" complaint. Defendant's argument must therefore fail and his request for dismissal denied.

VENUE:

10. Defendant reasserts his claim that venue in Texas is not proper; however, he now recognizes that subject matter jurisdiciton lies in federal court. However, Defendant seeks to transfer venue to Pennsylvania court where he hopes to rely on "special" Pennyslvania law to avoid responsibility and because he is not insured, he hopes to save money and thus continue to avoid taking responsibilty for his actions. Venue is proper in Texas. Duffy claims the he only met with me in Pennsylvania and his only contact was in Pennslvania. Attached hereto as an "exhibit" is a copy of a letter signed by Duffy's partner on Defendant's behalf that clearly illustrate that the contract and underlying representation was based in the State of Texas. Defendant's arguments must fail.

11. Although a court may transfer a suit to any other district or division where it might have been brought for the convenience of the defendants or its witnesses and in the interest of justice, this is not a case in which the court should do s. 28 U.S.C. sec. 1404(a). Plaintiff's choice of forum is given great weight and should not be rejected unless clearly outweighed by other considerations. See <u>Robinson v. Giarmarco & Bill, P.C.</u>, 74 F.3d 253 (11th Cir. 1996) The Court should deny Defendant's motion to transfer because the current forum is convenient for Defendant and plaintiff would be inconvenienced by the transfer. A transfer to another district (Pennsylvania) will not be more convenient for defendant's material witnesses. The witnesses to the attorney-client agreement are actualy in the state of Texas. Further documents necessary for any defense of this complaint are easily acessible; therefore, Defendant's claim for inconvenience is unwarranted. Additionally, I did not enter into any type of forum-selection clause in contract made the basis of this lawsuit. Finally, the Defendant did not seek his motion to transfer with reasonable promptness. See <u>Peteet v. Dow Chem. Co.</u>, 868 F.2d 1428 (5th Cir. 1989)  I therefore ask the Court to deny Defendant's motion to dismiss and transfer of venue.

CONCLUSION:

WHEREFORE, I respectfully pray and request this Honorable Court to deny Defendant's motion to dismiss and his motion to transfer venue to Pennsylvania for the reasons set forth in my original and supplemental responses to Defendant's motion.

Respectfully submitted,

*Jorge Luna  2-28-05*

George Luna
#54528-066
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

Certificate of Service

I certify that a complete and true copy of the foregoing has been served on Defendant via Defendant's counsel, Joseph P. Green, Jr. at 10 North Church St., Suite 307 West Chester, PA 19380.

*Jorge Luna  2-28-05*
George Luna
Plaintiff Pro Se