IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE TEXAS—

United States District Court
Southern District of Texas
ENTERED
APR 1 9 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| GEORGE LUNA, § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CIV. NO. B-04-133 |
| § | |
| JOHN DUFFY, § | |
| Defendant. § | |

# ORDER

Before the Court is the Motion to Dismiss filed by the defendant John Duffy. For the reasons set forth below, the motion is hereby stricken.

Defendant filed an unsworn, unsupported, and totally conclusory Motion to Dismiss. *Docket No. 3*. This Court, if it could have taken said motion and the unsupported information contained therein as being true and accurate, might have concluded the case should have been dismissed for a number of reasons, including lack of personal jurisdiction over the defendant.

Rather than denying the motion because of its lack of support or because of its conclusory nature, the Court ordered the defendant on January 11, 2005, to refile the motion and provide support by February 5, 2005. The Court went so far as to strongly suggest that the motion be made in a non-conclusory form and be supported by affidavits. 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1351, at 305 (2004); *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). For some reason unknown to this Court and unexplained by the defendant, the defendant refused to comply with this Order.

Duffy's next Motion to Dismiss was filed on February 14, 2005, obviously not in compliance

with the February 5, 2005 deadline. No leave to file accompanied the nearly ten-day late motion. Furthermore, while it is arguably of a less conclusory nature, the second motion to dismiss is once again full of factual assertions that are not supported in any fashion. The motion is not sworn nor did the defendant comply with the Court's expressly-stated preference for affidavits. Without these pieces of supporting evidence, the Court is required to take as true the allegations made by the plaintiff in his pleadings. *Bullion v. Villespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Since the defendant did not comply with this Court's order, both Motions to Dismiss [Docket Nos. 2 & 16] are hereby stricken. Defendant Duffy has until May 6, 2005, to file an Amended Answer in lieu of the one contained in the document filed as Docket No. 2, one of the documents the Court just struck. While this Court finds it unusual that it needs to point out anything to a defendant who is an attorney, and who is allegedly represented by attorneys, it will point out that failure to comply with this Order will result in a default judgment, and the Court will move straight to the damages phase of the proceeding.

Finally, the defendant is ordered to procure local counsel—one who knows how to follow court orders. That counsel shall sign as attorney of record for the defendant. The earlier orders granting Joseph P. Green, Jr. and P.J. Redmond's pro hac vice status are hereby revoked with the exception that they may sign a motion to substitute new counsel.

Signed this 19th day of April, 2005.

Andrew S. Hanen
United States District Judge