IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GEORGE LUNA § | |
| § | CIVIL ACTION NO. B-04-133 |
| VS. § | |
| § | JURY DEMANDED |
| JOHN J. DUFFY § | |

**DEFENDANT JOHN J. DUFFY'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant John J. Duffy moves to dismiss the claims asserted against him in this lawsuit because he is not subject to personal jurisdiction in Texas..

**STATEMENT OF THE ISSUE TO BE RULED UPON BY THE COURT**

Issue:   Is Defendant Duffy subject to personal jurisdiction in Texas?

Answer:   No. Asserting personal jurisdiction over Defendant Duffy would violate due process. Duffy is a Pennsylvania resident, this case arises out of a Pennsylvania state criminal case, and Duffy does not have sufficient contacts with Texas to allow jurisdiction.

**SUMMARY OF ARGUMENT**

Defendant Duffy is not amenable to personal jurisdiction in Texas. Defendant Duffy is a Pennsylvania resident, and this case arises out of his representation of Plaintiff in a Pennsylvania criminal case. Defendant Duffy does not have minimum contacts with Texas, has not purposely availed himself of the benefits of the Texas forum, and the exercise of jurisdiction over Defendant Duffy would offend traditional notions of fair play and substantial justice. Therefore, this Court should dismiss this case for want of jurisdiction.

**FACTS**

Defendant has attached the Affidavit of John Duffy as Exhibit 1, which sets forth the following facts relevant to the jurisdictional issue.

Defendant Duffy is an attorney residing and practicing in Pennsylvania. (Exhibit 1, at ¶¶ 2-3). He is not licensed in Texas, and does not practice in Texas. (Exhibit 1, at ¶ 14). He has never resided in Texas, maintained an office in Texas, or advertised in Texas. (Exhibit 1, at ¶¶ 4-5). He does not own or lease any real property in Texas, and has never paid Taxes in Texas. (Exhibit 1, at ¶¶ 9-10). Further, he does not conduct meetings or train employees in Texas, nor has he ever maintained a bank account in Texas. (Exhibit 1, at ¶¶ 11, 13).

This lawsuit arises out of Defendant Duffy's representation of Plaintiff in a Pennsylvania state law criminal case. (Exhibit 1, at ¶ 6-7; *see generally* Plaintiff's Complaint). In 1999, Plaintiff had been arrested in the State of Pennsylvania. (Exhibit 1, at ¶ 7). He subsequently retained Defendant Duffy's law firm to represent him in the Pennsylvania state law criminal case arising out of that arrest. (Exhibit 1, at ¶¶ 6-7). During the time that Defendant Duffy represented Plaintiff, only met with Plaintiff in Pennsylvania; they never met in Texas. (Exhibit 1, at ¶ 8). Therefore, the alleged acts and omissions about which Plaintiff complains, had they actually occurred,[1] would have occurred in Pennsylvania, not Texas.

**ARGUMENT**

**A.**     **Standard for Deciding Motions to Dismiss for Lack of Personal Jurisdiction**

Plaintiff bears the burden of proving that the Court has jurisdiction over Defendant Duffy. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994). If the Court does not hold an evidentiary hearing, then Plaintiff must only present a prima facie case to sustain this burden.

---

[1] Defendant Duffy denies that the alleged acts and omissions did occur.

*Stripling v. Jordan Production Co.*, 234 F.3d 863, 869 (5th Cir. 2000). Specifically, for the purposes of ruling on this Motion, the Court will accept as true the uncontroverted, non-conclusory factual allegations of Plaintiff's Complaint and resolve any factual conflicts in the evidence in Plaintiff's favor. *Id.* However, the Court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In this diversity action,[2] The Court may exercise personal jurisdiction of Defendant Duffy only to the extent permitted under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.041, and the Due Process Clause of the Fourteenth Amendment. *See Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Because the Texas long-arm statute has been construed to authorize the exercise of personal jurisdiction to the fullest extent constitutionally permitted, this analysis typically collapses into a single question of the limits of federal due process. *Id.*

Exercising personal jurisdiction over a nonresident is consistent with due process when: "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Development, L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999)). These requisite "minimum contacts" may be established sufficiently to assert either "specific jurisdiction" or "general jurisdiction" over the nonresident defendant. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). As the Fifth Circuit has explained:

> Specific jurisdiction over a nonresident [defendant] is appropriate when that

---

[2] Plaintiff did not assert a basis for Federal subject matter jurisdiction in his Complaint; however, given that the parties are from different states, and that Plaintiff did not plead a federal cause of action, it appears that diversity jurisdiction is the only potentially applicable basis of subject matter jurisdiction.

> [defendant] has purposefully availed its activities at the forum state and "the litigation results for the alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Helcopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)). General jurisdiction, on the other hand, will attach where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are "continuous and systematic." *Helicopteros*, 466 U.S. at 415-16, 104 S. Ct. 1868.

In the case at bar, Plaintiff cannot establish that Defendant Duffy is properly before the Court based on either specific or general jurisdiction.

This lawsuit is a suit against a Pennsylvania resident for acts and omissions that allegedly occurred in Pennsylvania. As the Affidavit of John Duffy shows, Defendant simply does not have the minimum contacts with the State of Texas necessary for the imposition of personal jurisdiction. He did not purposefully avail himself of the Texas forum; to the contrary, Plaintiff hired Defendant's law firm in Pennsylvania. Therefore, this Court does not have personal jurisdiction over Defendant Duffy, and it should dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(2).

## **CONCLUSION**

Defendant Duffy is not subject to personal jurisdiction in Texas. Therefore, he asks the Court to dismiss this lawsuit for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

RESPECTFULLY SUBMITTED,

COWEN & BODDEN
520 E. Levee Street
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674


By: /s/ Michael R. Cowen
     Michael R. Cowen
     Texas Bar No. 00795306
     S.D. Texas Bar No. 19967

## CERTIFICATE OF SERVICE

I sent a copy of the foregoing document to Plaintiff on this ___ day of May, 2005, by certified mail, return receipt requested.
Jorge E. Luna
Seagoville Federal Correctional Institute
PO Box 9000
Seagoville, TX 75159


/s/ Michael R. Cowen
Michael R. Cowen

## CERTIFICATE OF CONFERENCE

Under Local Rule 7.1(D), a certificate of conference is not necessary for 12(b) motions to dismiss.


/s/ Michael R. Cowen
Michael R. Cowen