IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GEORGE LUNA | § |
| | §    CIVIL ACTION NO. B-04-133 |
| VS. | § |
| | §    JURY DEMANDED |
| JOHN J. DUFFY | § |

## DEFENDANT JOHN J. DUFFY'S MOTION TO DISMISS FOR IMPROPER VENUE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant John J. Duffy moves to dismiss the claims asserted against him in this lawsuit because venue is not proper in the Southern District of Texas.

### STATEMENT OF THE ISSUE TO BE RULED UPON BY THE COURT

Issue:      Is venue proper in the Southern District of Texas?

Answer:     No. Venue is only proper in the Eastern District of Pennsylvania, where Defendant resides and where the claim occurred. 28 U.S.C. § 1391.

### SUMMARY OF ARGUMENT

Venue is improper in the Southern District of Texas. Under the federal venue statute, venue is only proper in the district where Defendant has his legal domicile, or where a substantial part of the claim occurred. 28 U.S.C. § 1391. Because Defendant is a Pennsylvania resident, and the alleged acts and omissions that give rise to Plaintiff's claims occurred in Pennsylvania, venue is improper in the Southern District of Texas. Therefore, the Court should dismiss this case.

### FACTS

Defendant has attached the Affidavit of John Duffy as Exhibit 1, which sets forth the following facts relevant to the venue issue.

Defendant Duffy is an attorney residing and practicing in Chester County, Pennsylvania. (Exhibit 1, at ¶¶ 2-3). Chester County is located in the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

This lawsuit arises out of Defendant Duffy's representation of Plaintiff in a Pennsylvania state law criminal case. (Exhibit 1, at ¶ 6-7; *see generally* Plaintiff's Complaint). In 1999, Plaintiff had been arrested in the State of Pennsylvania. (Exhibit 1, at ¶ 7). He subsequently retained Defendant Duffy's law firm to represent him in the Pennsylvania state law criminal case arising out of that arrest. (Exhibit 1, at ¶¶ 6-7). During the time that Defendant Duffy represented Plaintiff, only met with Plaintiff in Pennsylvania; they never met in Texas. (Exhibit 1, at ¶ 8). Therefore, the alleged acts and omissions about which Plaintiff complains, had they actually occurred,[1] would have occurred in Pennsylvania, not Texas.

## ARGUMENT

The Court should dismiss this case for improper venue. 28 U.S.C. § 1391 governs venue in federal civil cases. Section 1391 permits venue is the district where a defendant resides, or where a substantial part of the claim occurred. Defendant resides in Pennsylvania, so his residence does not permit venue under Section 1391(a)(1). Similarly, the legal representation and other events on which Plaintiff bases his lawsuit occurred in Pennsylvania. Therefore, venue is improper in the Southern District of Texas under Section 1391(a)(2) as well. Accordingly, the Court should dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

## CONCLUSION

Venue is improper in the Southern District of Texas. Therefore, the Court should dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative,

---

[1] Defendant Duffy denies that the alleged acts and omissions did occur.

the Court should transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

                RESPECTFULLY SUBMITTED,

                COWEN & BODDEN
                520 E. Levee Street
                Brownsville, Texas 78520
                Telephone (956) 541-4981
                Facsimile (956) 504-3674

        By: /s/ Michael R. Cowen
                Michael R. Cowen
                Texas Bar No. 00795306
                S.D. Texas Bar No. 19967

## CERTIFICATE OF SERVICE

I sent a copy of the foregoing document to Plaintiff on this 6th day of May, 2005, by certified mail, return receipt requested.
    Jorge E. Luna
    Seagoville Federal Correctional Institute
    PO Box 9000
    Seagoville, TX 75159

            /s/ Michael R. Cowen

## CERTIFICATE OF CONFERENCE

Under Local Rule 7.1(D), a certificate of conference is not necessary for 12(b) motions to dismiss.

            /s/ Michael R. Cowen