# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| GEORGE LUNA | § | |
|     Plaintiff, | § | CIVIL ACTION NO. B-04-133 |
| VS. | § | |
| | § | JURY DEMANDED |
| JOHN J. DUFFY | § | |
|     Defendant, | § | |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is the Motion to Dismiss based on lack of personal jurisdiction filed by Defendant John Duffy. (Docket 27). On November 12, 2004, Defendant filed an unsworn, unsupported, and totally conclusory Motion to Dismiss (Docket 3). Rather than denying the motion, on January 10, 2005, this Court ordered the defendant to refile the motion and provide support by February 5, 2005. (Docket 11). Defendant's next Motion to Dismiss was filed on February 14, 2005, nearly 10 days late, and was again full of factual assertions that were not supported in any fashion. (Docket 16). On April 19, 2005, this Court struck the previous Motions to Dismiss (Dockets 3 & 16) and gave the defendant until May 6, 2005, to file a properly supported Motion to Dismiss. (Docket 19). On May 10, 2005, Defendant filed a properly supported Motion to Dismiss for lack of personal jurisdiction (Docket 27). On July 13, 2005, Plaintiff filed his response to said motion (Docket 29). For the reasons elaborated below, this Court lacks personal jurisdiction to proceed in this suit. Accordingly, the Court hereby **GRANTS** Defendant's motion (Docket 27), and **DISMISSES** Plaintiff's complaint (Docket 1) without prejudice.

**I. FACTS**

In 1999, George Luna was stopped by police in Pennsylvania while driving a truck full of marijuana. He was arrested and charged with Possession with Intent to Deliver under Pennsylvania state law. Through the aid of San Antonio attorney Alfonso Ibanez, Luna hired Pennsylvania attorney John Duffy to represent him in his criminal trial. Luna alleges that he hired Duffy to defend him at trial and not to plea bargain with the government. According to Luna, Duffy forged his signature on a document that stated that Luna was willing to cooperate with the government. Plaintiff is now asking for the return of $50,000 in fees that he paid Duffy.

**II. DISCUSSION**

Plaintiff bears the burden of proving that the court has jurisdiction over Defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Plaintiff need only present a prima facie case to sustain his burden if the court does not hold an evidentiary hearing. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 869 (5th Cir. 2000). Specifically, for the purposes of ruling on this Motion, the Court will accept as true the uncontroverted, non-conclusory factual allegations of Plaintiff's Complaint and resolve any factual conflicts in the evidence in Plaintiff's favor. *Id*. However, the Court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

The Court may exercise personal jurisdiction over Defendant only to the extent permitted under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.041, and the Due Process Clause of the Fourteenth Amendment. *See Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Since the Texas long-arm statute has been constructed to authorize the exercise of personal jurisdiction to the fullest extent constitutionally permitted, this

analysis comes down to the limits of federal due process. *Id*.

Due process is satisfied when the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and if the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice'." *Mink v. AAAA Development, L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999). The defendant's conduct and connection with the forum State must be such that he should reasonably anticipate being haled into court there. *Panda Brandywine Corp.,* 253 F.3d at 869.

Minimum contacts may be established sufficiently to assert either "specific" or "general" jurisdiction over the non-resident defendant. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). General jurisdiction will attach where the non-resident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are "continuous and systematic." *Helicoptores Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction over a non-resident defendant is appropriate when that defendant has purposefully availed its activities within the forum state and "the litigation results from the alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," or the defendant must "purposefully direct" its efforts toward the forum State residents. *Id*. With respect to contractual obligations, parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulations and sanctions for the consequences of their activities. *Id*. at 473.

Luna's claim that this Court has specific jurisdiction over Duffy fails.[1]  Duffy did not avail himself of the benefits of Texas when he was retained to represent Luna in a Pennsylvania criminal case arising from Luna's arrest in that state.  Plaintiff alleges that the attorney-client relationship and contract was negotiated and executed in the State of Texas.  Furthermore, Plaintiff alleges that Defendant availed himself of the benefits of the forum state when he was retained in the forum state and accepted payment pursuant to the attorney-client contract in the forum state.  However, Duffy never met with Luna in Texas.  Duffy did not reach beyond the State of Pennsylvania to create a continuing relationship or obligation with Luna.  Any involvement by San Antonio attorney Alfonso Ibanez is not sufficient to confer specific jurisdiction because Duffy's contractual obligations were to Luna.  Since Luna was arrested and detained in Pennsylvania, this relationship was wholly within that State.

This Court also lacks general jurisdiction over Duffy.  Duffy did not have continuous and systematic connections to Texas.  Duffy has no employees, property, bank accounts, offices, or advertising space in Texas.

## III. CONCLUSION

For the forgoing reasons, the Court hereby **GRANTS** John Duffy's Motion to Dismiss for Lack of Personal Jurisdiction (Docket 27) and **DISMISSES** George Luna's complaint (Docket 1) without prejudice.  All other pending motions, including Defendant's Motion to Dismiss for Improper Venue (Docket 26), are hereby **DENIED** as moot.

---

[1] Duffy also claimed that the Motion to Dismiss failed because it was filed after the deadline and because it was conclusory and unsupported.  However, this Court has discretion to allow a late filing under Federal Rule of Civil Procedure 6, and the Motion was correctly supported.

Signed in Brownsville, Texas, this 27th day of June, 2005.

_____
Andrew S. Hanen
United States District Judge